83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paulina C. SOMARRIBA DE GARCIA; Edgar J. Garcia-Somarriba;
Raquel I. Garcia-Somarriba Darling L.
Garcia-Somarriba; Paulina C.
Garcia-Tercero; Aleida S.
Garcia-Somarriba, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70656.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paulina C. Somarriba De Garcia, her four minor children, and her adult daughter Aleida Garcia-Somarriba ("the Somarribas"), all natives and citizens of Nicaragua, jointly petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their request for asylum and the withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a).[1] We review de novo the BIA's interpretation of the Act. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Factual determinations will be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole. 8 U.S.C. § 1105a(a)(4). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the Somarribas' petitions for review.
 
 
 3
 Somarriba contends that the BIA erred by finding that she neither suffered past persecution nor had a well-founded fear of future persecution based on an imputed political opinion and her Evangelical Christian beliefs. This contention lacks merit.
 
 
 4
 To establish eligibility for asylum, an applicant must demonstrate that he or she suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Lazo-Majano v. INS, 813 F.2d 1432, 1434 (9th Cir.1987). To establish a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (quotation omitted). To obtain a reversal, an applicant must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992)).
 
 
 5
 Somarriba testified that her food card was restricted and later terminated, and thus she was forced to buy food and other essential supplies on the black market at higher prices, because she refused to participate in Sandinista Defense Committee ("CDS") activities. Furthermore, Somarriba testified that, based on her Evangelical Christian religious beliefs, Sandinista supporters threw stones at her and her family and frequently taunted them on their way to church services. In addition, her daughter testified that she was not permitted to complete her high school education because of her refusal to participate in the forced labor programs of the Sandinistas. The BIA held that these incidents did not constitute persecution. The BIA also noted that given the changed circumstances in Nicaragua, Somarriba did not have an objectively reasonable fear of future persecution.[2]
 
 
 6
 We agree that these incidents do not rise to the level of persecution, and affirm the BIA's conclusion that Somarriba failed to establish either past persecution or an objectively reasonable fear of future persecution. See Acewicz, 984 F.2d at 1061; Shirazi-Parsa, 14 F.3d at 1427. Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Somarriba did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Somarriba's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aleida Garcia-Somarriba filed a separate application but was joined in a single hearing. All references to Paulina C. Somarriba De Garcia, the principal petitioner, include her adult daughter and four minor children
 
 
 [2]
 In 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party